NO. 07-11-0388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 1, 2012

_____

IN THE INTEREST OF V.D.Y, A CHILD

_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 10,577; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, C.R.Y., biological father of V.D.Y.,[1] a female child, appeals the trial court's order terminating his parental rights.[2] By three points of error, Appellant maintains the trial court reversibly erred in finding clear and convincing evidence that: (1) it was in V.D.Y.'s best interest to terminate his parental rights; (2) he had been

---

[1]To protect Appellant's and his daughter's privacy, we refer to them and other relevant parties by their initials. *See* Tex. Fam. Code Ann. §109.002(d) (West 2008). *See also* Tex. R. App. P. 9.8(b).

[2]The order was signed on September 13, 2011, and Appellant filed a Statement of Points on September 22, 2011. However, effective September 1, 2011, section 263.405(b) of the Texas Family Code, which required the filing of a Statement of Points in termination cases involving the Texas Department of Family and Protective Services, was repealed. *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 75, 2011 Tex. Sess. Law Serv. 348, 349.

convicted for being criminally responsible for the serious injury of a child under section 21.11 (indecency of a child) of the Texas Penal Code; and (3) he had knowingly engaged in criminal conduct that resulted in him having been convicted and imprisoned and thereby made unable to care for the child for not less than two years from the date of filing the petition for termination of his parental rights. We affirm.

## BACKGROUND FACTS

V.D.Y. was born on August 31, 2005. She has two older maternal half sisters. In April 2010, a caseworker for Child Protective Services, a program of the Department of Family and Protective Services, became involved with the family because of an allegation of sexual abuse by Appellant against one of V.D.Y.'s older half sisters. All three girls were removed from the home and three months later, were placed in the care of a maternal great aunt. On April 5, 2010, the Department initiated legal action for conservatorship of the girls and termination of parental rights of Appellant, the girls' mother and the biological father of V.D.Y.'s two half sisters.[3]

Following the trial court's extension of the time for dismissal of the suit pursuant to section 263.401(b) of the Texas Family Code Annotated (West 2008), a hearing was held on September 13, 2011, to determine the issue of Appellant's parental rights. The parents of V.D.Y.'s half sisters both testified that Appellant was not a danger to V.D.Y. and her half sisters' father testified it would not be in V.D.Y.'s best interest to terminate

---

[3]After mediation, an agreement was reached between the Department and V.D.Y.'s mother and the father of V.D.Y.'s two half sisters. The terms included that the Department would be appointed managing conservator of the girls and the parents would be appointed possessory conservators with supervised visitation. The Department agreed to waive current termination grounds against them but preserved them for future litigation. Neither the mother nor the father of V.D.Y.'s half sisters are parties to this appeal.

Appellant's parental rights. The only other witness was the caseworker. Through her testimony, the Department introduced a copy of Appellant's conviction for indecency with a child by exposure for which he was assessed a twenty-year sentence pursuant to a plea bargain. The trial court questioned the caseworker on the specific grounds for termination to which she responded, "[b]ecause of his conviction of sexual abuse of [V.D.Y.'s half sister]." The caseworker also offered testimony relevant to the best interest finding.

At the conclusion of that hearing, the trial court found that termination of Appellant's parental rights to V.D.Y. was in her best interest. The trial court also found that Appellant:

(1)   has been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:

§ 22.11 (indecency with a child); and

(2)   knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

**INVOLUNTARY TERMINATION OF PARENT-CHILD RELATIONSHIP**

Section 161.001 of the Texas Family Code provides that a trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:

(1)    that the parent has:

* * *

(L)    been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code . . . :

* * *

(iv)    Section 21.11 (indecency with a child);

* * *

(Q)    knowingly engaged in criminal conduct that has resulted in the parent's:

(i)    conviction of an offense; and

(ii)    confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition; . . . and

(2)    that the termination is in the best interest of the child.

Tex. Fam. Code Ann. § 161.001 (West Supp. 2011); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). Only one statutory ground is required to be proven in order to terminate the parent-child relationship. *See In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.--San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the evidence sufficiently establishes any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *Id.*

### STANDARD OF REVIEW IN TERMINATION CASES

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d

4

599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Holick*, 685 S.W.2d at 20. Thus, due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* Tex. Fam. Code Ann. § 101.007 (West 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

The same evidence may be probative of both the statutory ground for termination and the best interest of the child. Both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. *See In re C.H.*, 89 S.W.3d at 28; *Holley*, 544 S.W.2d at 370.

In a legal sufficiency review of the evidence to support an order terminating parental rights, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction as to the truth of the allegations sought to be established. *See* Tex. Fam.

5

Code Ann. § 101.007 (West 2008); *In re J.F.C.*, 96 S.W.3d at 266. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *In re J.F.C.*, 96 S.W.3d at 266. Thus, we disregard all non-supporting evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id.*

The standard for reviewing the factual sufficiency of termination findings is whether the evidence is such that a reasonable factfinder could form a firm belief or conviction about the truth of the Department's allegations. *In re C.H.*, 89 S.W.3d at 25-26. Under that standard, we do not look at the evidence in the light most favorable to the finding but instead consider whether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

**ANALYSIS**

Addressing Appellant's issues in a logical rather than sequential order, we will commence our analysis with issue three by which he maintains the trial court erred in finding he knowingly engaged in criminal conduct that resulted in him having been convicted and imprisoned and thereby made unable to care for V.D.Y. for not less than

two years from the date of filing the petition. *See* Tex. Fam. Code Ann. § 161.001(1)(Q) (West Supp. 2011). Appellant argues that because no evidence was presented that his conviction was final, termination under subsection Q was erroneous. We disagree.

**§ 161.001(1)(Q) KNOWINGLY ENGAGE IN CRIMINAL CONDUCT**

Subsection Q has been interpreted to apply prospectively from the date of filing of the petition for termination. *See In re A.V.*, 113 S.W.3d 355, 359-60 (Tex. 2002). *See also In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). It focuses on the parent's future imprisonment and inability to care for the child, not the criminal conduct that the parent committed in the past. *Id.* By looking at future imprisonment and inability to care for the child, subsection Q purports to protect children whose parents will be incarcerated for periods exceeding two years after termination proceedings begin. *Id.* Incarceration and a parent's inability to provide care are separate requirements for termination under subsection Q. *See In re E.S.S.*, 131 S.W.3d 632, 639 (Tex.App.--Fort Worth 2004, no pet.). Additionally, finality of a conviction is not required to support termination under subsection Q. *See Rian v. Tex. Dep't of Family and Protective Services*, No. 03-08-00155-CV, 2009 Tex. App. LEXIS 5925, at *5-6 (Tex.App.--Austin July 31, 2009, pet. denied) (mem. op.).[4]

The Department presented clear and convincing evidence through the caseworker's testimony and admission into evidence of a copy of Appellant's judgment of conviction that he knowingly engaged in criminal conduct that resulted in his

---

[4]The court explained that if a final conviction was required under subsection Q, it would be irreconcilable with provisions of subsection L that allow termination upon proof that a parent has been convicted or placed on probation, including deferred adjudication, which by its nature is not a conviction. *Rian*, 2009 Tex. App. LEXIS, at *5.

conviction and the assessment of a twenty-year sentence. Although the availability of parole is relevant to determine whether a parent will be released within two years, *In re H.R.M.*, 209 S.W.3d at 109, in the underlying case, the only indication of Appellant's eligibility for parole resulted from a question posed by Appellant's trial counsel to the caseworker asking if she was aware that Appellant was eligible for parole on July 28, 2012, to which she responded, "I was not aware of that." When a question assumes facts not otherwise in evidence, a negative answer to that question is no evidence of the underlying premise of the question. *McNatt v. State*, No. 02-10-00043-CR, 2011 Tex. App. LEXIS 8037, at *11 (Tex.App.--Fort Worth Oct. 6, 2011, no pet.) (not designated for publication). Furthermore, even assuming the record contained evidence of a July 2012 parole eligibility date, that date was beyond two years from the date the Department filed its petition.

Additionally, in determining whether an incarcerated parent is unable to care for a child, a court considers the availability of any other financial and emotional support. *In re B.M.R.*, 84 S.W.3d 814, 818 (Tex.App.--Houston [1st Dist.] 2002, no pet.). Although V.D.Y.'s half sisters' father testified that it would not be in V.D.Y,'s best interest to terminate Appellant's parental rights,[5] neither he nor V.D.Y.'s mother testified they would be willing or able to provide financial and emotional support for V.D.Y. during Appellant's incarceration. Neither did Appellant present any evidence that he could otherwise provide financial support or that family members could care for V.D.Y. while he was incarcerated. *See In re H.R.M.*, 209 S.W.3d at 110. Consequently, we find

---

[5]V.D.Y.'s mother testified that it would not be in Appellant's best interest to terminate his parental rights; however, the focus of a termination proceeding is the best interest of the child, not the parent.

8

there is clear and convincing evidence to support termination of Appellant's parental rights under subsection Q.  Issue three is overruled.

Having found sufficient evidence to support at least one statutory ground for termination, *In re S.F.*, 32 S.W.3d at 320, we pretermit issue two and address Appellant's first issue by which he maintains the evidence is insufficient to support the trial court's best interest finding.  Again, we disagree.

### § 161.001(2) BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1)(Q), we must also find clear and convincing evidence that termination of the parent-child relationship was in V.D.Y.'s best interest.  *See* Tex. Fam. Code Ann. § 161.001(2) (West Supp. 2011).  There is a strong presumption that the best interest of a child is served by keeping custody in the natural parent.  *In re D.T.*, 58 S.W.3d 625, 641 (Tex.App.--Fort Worth 2000, pet. denied).  In deciding best interest, we consider numerous factors.  *See* Tex. Fam. Code Ann. § 263.307(b) (West 2008).  The Supreme Court has considered the following factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Holley*, 544 S.W.2d at 371-72.  These factors are not exhaustive; some listed factors may be inapplicable to

9

some cases, while other factors not on the list may also be considered when appropriate. *In re C.H.*, 89 S.W.3d at 27.

## DISCUSSION

Several months after she was removed from the home, V.D.Y. and her two half sisters began living with their maternal great aunt. V.D.Y. was six years old at the time of the hearing but did not testify, so there is no evidence of her desires. No evidence was presented of V.D.Y.'s physical or emotional needs now or in the future. The caseworker expressed concern for V.D.Y. because of Appellant's conviction for indecency with a child. She answered questions during her testimony demonstrating that Appellant did not inquire about V.D.Y. nor express any desire to develop a relationship with her. He did not offer any potential placements for her nor ask the caseworker to contact any family members regarding V.D.Y. Appellant responded to parenting articles, but did not complete any of his services.

Although the caseworker testified that adoption was not being sought and V.D.Y. was doing well in the care of her maternal great aunt, termination of Appellant's rights was pursued by the Department because of his conviction for indecency with V.D.Y.'s half sister. She further testified that the lack of a relationship between Appellant and V.D.Y. might make it unsafe for her to be around him, just as it was unsafe for her half sister. When questioned by the trial court on the issue of V.D.Y.'s safety, the caseworker expressed concern that V.D.Y. would be at risk for abuse and neglect because of Appellant's past behavior as evidenced by his conviction.

Relying on *In re J.N.*, 301 S.W.3d 429 (Tex.App.--Amarillo 2009, pet. denied),[6] among other cases, Appellant argues that because V.D.Y.'s mother's parental rights were not terminated, termination of his rights does not advance the Department's goal of prompt and permanent placement of a child. Although we agree with Appellant's interpretation of our decision in *In re J.N.*, we disagree that under the facts of this case, the evidence is insufficient to support the best interest finding. The facts in *In re J.N.* lend themselves to a finding of factual insufficiency to support a best interest finding and are distinguishable from the facts of this case. In *In re J.N.*, the Department sought termination of the mother's parental rights but not the father's. The caseworker testified that the mother posed no danger to the child during supervised visitation. The mother regularly visited, interacted appropriately and developed a bond with her child. This Court found that, under those circumstances, the mother posed no threat to her child and we saw no compelling benefit that would be gained by severing the bond between them in light of the Department's plans to place the child with her biological father. 301 S.W.3d at 435. Those facts are certainly distinguishable from the facts of this case.

Based on the record in the instant case, we conclude there is clear and convincing evidence to support the finding that termination of Appellant's parental rights was in V.D.Y.'s best interest. Issue one is overruled.

---

[6]In *In re J.N.,* this Court found that termination of the mother's parental rights was not justified by the Department's prospective plans for adoption so long as the biological father retained his parental rights. 301 S.W.3d at 434. Under the facts of that case, the evidence was factually insufficient to support the trial court's best interest finding. *Id.* at 434-35.

**CONCLUSION**

Accordingly, the trial court's order terminating the rights of C.R.Y. to V.D.Y. is affirmed.


Patrick A. Pirtle
Justice